**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **THERESA FORTENBERRY** | § | **PLAINTIFF** |
| | § | |
| **v.** | § | **CAUSE NO. 1:06CV535 LG-JMR** |
| | § | |
| **GULF COAST COMMUNITY** | § | |
| **ACTION AGENCY, INC.** | § | **DEFENDANT** |

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

THE MATTER BEFORE THE COURT is the Motion for Summary Judgment [23] filed by

Defendant Gulf Coast Community Action Agency, Inc. ("GCCAA").  Plaintiff Fortenberry has

filed her response, and GCCAA has replied.  After due consideration of the submissions, it is the

Court's opinion that the Plaintiff has shown the existence of a question of material fact as to her

racial discrimination claims, but that GCCAA is entitled to judgment as to Plaintiff's emotional

distress claims.  Summary judgment will therefore be granted in part and denied in part.

DISCUSSION

Fortenberry, an African-American woman, has been employed in the GCCAA's Head Start

Program for approximately 12 years.  She complains that she was not chosen to be Center Manager

for the Gulfport Naval Base Head Start Center when the position became available in July 2004.  A

Caucasian employee with less experience, Patricia Yennie, was chosen instead.  Fortenberry

alleges that when she asked her supervisor, Nancy Brewer, why she had not been chosen, Ms.

Brewer told her that the parents of the children served by that center preferred a Caucasian center

manager.  Plaintiff was transferred to the L.C. Jones facility, which is "located in a predominately

Africa-American neighborhood."  Pl. Br. 2.[1]

---

[1] Plaintiff's complaint included a claim of hostile work environment, but she states that
"she will not pursue this claim and doesn't object to the court's dismissal of this particular claim."

Fortenberry made a charge of discrimination to the EEOC alleging racial discrimination in GCCAA's promotion decision.  Pl. Ex. "B."  The EEOC issued a Determination letter stating that it found "reasonable cause to believe that race was at least a motivating factor in the decision to place a less senior and less experienced White teacher as center manager of the Naval Base Center in lieu of [Fortenberry]."  Pl. Ex. "C."  Fortenberry filed this lawsuit bringing the same racial discrimination claims pursuant to Title VII and 42 U.S.C. § 1981, as well as state-law emotional distress claims.

RACIAL DISCRIMINATION:

Title VII provides that it is "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race. . . ."  42 U.S.C. § 2000e-2(a)(1).  "In the context of Title VII litigation, we recognize two types of discrimination claims: disparate treatment and disparate impact."  *Munoz v. Orr*, 200 F.3d 291, 299 (5th Cir. 2000).  "Disparate treatment refers to deliberate discrimination in the terms or conditions of employment, . . . on account of race, national origin, or gender."  *Munoz*, 200 F.3d at 299.  Plaintiff's claim here is one of disparate treatment.

A Title VII plaintiff may establish his case by direct or circumstantial evidence.  "Direct evidence is evidence which, if believed, proves the fact without inference or presumption."  *Jones v. Robinson Prop. Group, L.P.*, 427 F.3d 987, 992 (5th Cir. 2005) (citation omitted).  "If [a plaintiff] presents credible direct evidence that discriminatory animus at least in part motivated, or was a substantial factor in the adverse employment action, then it becomes the employer's burden to prove by a preponderance of the evidence that the same decision would have been made

Pl. Br. 4.

regardless of the discriminatory animus." *Jones*, 427 F.3d at 992, *citing Brown v. East Miss. Elec. Power Ass'n*, 989 F.2d 858, 861 (5th Cir. 1993).  Fortenberry contends that she was told by her immediate supervisor, Nancy Brewer, that a Caucasian was desired for the Naval Base Center position.  Fortenberry testified in her deposition that when she asked Brewer why she had not been selected for the Naval Base Center, Brewer replied that:

> she had placed me at the Naval Base, but the decision was left up to Ms. Linda Harvey Irvin and Phyllis Hammond at the time was the consultant, and they made the decision to put someone white over there because they felt like someone white would better serve the parents.

Ct. R. 23-10 p. 42.

Fortenberry also testified that she asked Linda Harvey-Irvin about the decision to select Yennie, "[a]nd she said sometimes they have to make those decisions because of cultural diversities." *Id*. at 43.  Harvey-Irvin's affidavit states that her comment referred to the military climate at the Naval Base Center and not race.  Ct. R. 23-11 ¶ 12.  Yennie had the experience, skill, personality and character needed to handle the military climate, *id*., while Fortenberry did not.

In the opinion of the Court, the comments noted above concstitute direct evidence of discrimination.  "[S]tatements or documents which show on its face that an improper criterion served as a basis--not necessarily the sole basis, but a basis--for the adverse employment action are direct evidence of discrimination." *Fabela v. Socorro Indep. Sch. Dist*., 329 F.3d 409, 415 (5th Cir. 2003) (citing *Fierros v. Tex. Dept. of Health*, 274 F.3d 187, 192 (5th Cir. 2001)); *Jones*, 427 F.3d at 993 (testimony that decision maker(s) used race as a factor in employment decisions is by definition direct evidence of discrimination).

Once the Plaintiff presents direct evidence of discrimination, it is the employer's burden to demonstrate that it would have passed plaintiff over for the promotion regardless of its

management's alleged racial animus.  *Jones*, 427 F.3d at 992.  This is a shift in the burden of persuasion to the employer to show that the same adverse employment decision would have been made regardless of discriminatory animus.  If the employer fails to carry this burden, plaintiff prevails.  *Rachid v. Jack In The Box, Inc*., 376 F.3d 305, 309 (5th Cir. 2004).

GCCAA argues that its legitimate, non-discriminatory reason for promoting Patricia Yennie as Center Manager of the Naval Base Center rather than Fortenberry was Yennie's superior qualifications.  Most important was that at the time of the decision, Fortenberry did not yet have managerial experience, but Yennie had served as substitute center manager at the D'Iberville Center.  Thus, although Yennie had less tenure than Fortenberry, "Yennie had progressed leaps and bounds over Fortenberry."  Def. Reb. Br. 5.  GCCAA provides an extensive explanation of the job requirements for Center Manager, Fortenberry's specific shortcomings, and Yennie's specific strengths. Ct. R. 23-11 ¶ 10, p. 6-8.

Although GCCAA has proffered evidence from which a jury may conclude that GCCAA would have made the same promotion decision in spite of  discriminatory animus, the Court may not weigh evidence, resolve factual disputes or make credibility choices at the summary judgment stage.  Thus, there are questions of material fact which must be determined by the fact-finder and preclude judgment as a matter of law.

EMOTIONAL DISTRESS:

Fortenberry complains that she suffered emotional distress because of the Defendant's failure to promote her to the Naval Base Center.  She does not specify whether she intends to bring a claim of negligent or intentional infliction of emotional distress.  GCCAA argues that Fortenberry's claim is for intentional infliction of emotional distress, which is subject to a one-year statute of limitations. *Citifinancial Mortg. Co., Inc. v. Washington*, 967 So.2d 16 (Miss. 2007);

MISS. CODE § 15-1-35.  Because the complained-of actions took place in 2004 and Fortenberry's suit was filed in 2006, any intentional infliction of emotional distress claim is barred by the statute of limitations.

Fortenberry argues that her claim is subject to the three-year statute of limitations, from which the Court infers that she intends to bring a claim of negligent infliction of emotional distress. *See Randolph v. Lambert*, 926 So.2d 941 (Miss.App. 2006); MISS. CODE § 15-1-49.  Although not barred by the statute of limitations, "a claim for negligent infliction of emotional distress does not arise from acts of intentional discrimination.  Furthermore, any state tort claim grounded in negligence asserted by the plaintiff would be barred by the exclusive remedy provision of the Mississippi Workers' Compensation Law." *Allen v. NPC Intern., Inc*., 1996 WL 407564, *5 (N.D.Miss. 1996) (citing *Campbell v. Jackson Business Forms Co.,* 841 F.Supp. 772, 774-775 (S.D.Miss.1994)).  GCCAA is therefore entitled to judgement as a matter of law on Plaintiff's emotional distress claim(s).

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Summary Judgment [23] filed by Defendant Gulf Coast Community Action Agency, Inc. is **GRANTED** as to Plaintiff's claims of emotional distress and **DENIED** in all other respects.

**SO ORDERED AND ADJUDGED** this the 5th day of December, 2007.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE